ORDERED.

Dated:  October 25, 2017


Arthur B. Briskman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| EDWARD A. WARREN and BETSY J. WARREN, | ) Case No.  6:12-bk-12062-ABB<br>) Chapter 13 |
| | ) |
| Debtors. | ) |
| | ) |
| EDWARD A. WARREN and BETSY J. WARREN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Adversary No. 6:14-ap-00072-ABB |
| | ) |
| NATIONSTAR MORTGAGE, LLC, | ) |
| | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This adversary proceeding came on for trial on August 3, 2017 (the "Trial") on the Debtors' Complaint (Doc. No. 1). The Court rules for the Defendant, Nationstar Mortgage, LLC ("Nationstar").

## **FINDINGS OF FACT**

Debtors filed a Chapter 13 bankruptcy petition on September 4, 2012. (Doc. No. 1 in Case No. 6:12-bk-12062) (the "Main Case"). Debtors live in a property encumbered by a mortgage secured by a note (the "Property") (Doc. No. 1, pp. 11, 16). Debtors moved for referral to mortgage modification mediation with Nationstar, and the Court ordered mediation. (Doc. Nos. 17, 18 in the Main Case). The parties attended mediation initially on July 16, 2013. (Doc. No. 30 in the Main Case).

During continued mediation, the parties discussed a trial mortgage modification letter sent on December 12, 2012 (the "December 2012 Letter") (Nationstar's Exh. 17). Debtors testified they did not know of the December 2012 Letter till mediation proceedings. The Court accepts and finds the Debtors did not receive the December 2012 Letter.

Debtors initiated an adversary proceeding against Nationstar on June 23, 2014. (Doc. No. 1). The Complaint sought damages based on the alleged non-receipt of the December 2012 Letter, to compel a good faith and expedited review of the Debtors' mortgage modification application, to compel Nationstar to provide an in-house mortgage modification with the same terms as the December 2012 Letter, to deny any amended proof of claim that requested attorneys' fees, and to order Nationstar to pay the Debtors' attorneys' fees and mediation fees.

Debtors filed, and the Court granted, a Motion to Amend the Mortgage Modification Mediation Order in February 2015. (Doc. Nos. 54, 55 in the Main Case). The parties continued mediation (Doc. No. 63, 64, 65, 66, 67, 68, 71, 72 in the Main Case). Debtors then moved for approval of a permanent mortgage modification, and the Court granted the request. (Doc. Nos. 73, 76 in the Main Case). Debtors have been operating under the permanent mortgage modification. The Complaint has not been amended.

At trial, Debtors asserted the December 2012 Letter was a better offer and want the Court to hold Nationstar to those terms. They contend they are entitled to damages based on the difference between the December 2012 terms and the terms they are operating under. Nationstar's representative, Mr. Gene Mays, testified that the December 2012 Letter likely did not include escrow in its calculation. The Court finds the Debtors did not refute Mr. Mays' testimony. The Court asked the parties to answer two questions in their post-trial papers: (1) how have the Debtors been damaged? (2) why should Nationstar honor the December 2012 Letter?

## **CONCLUSIONS OF LAW**

Debtors have met no legal burden that would allow the Court to grant their requests. They cite generally the Court's power to prevent an injustice as the basis for compelling Nationstar to honor the terms in the December 2012 Letter. Traditional contract principles provide a contract is formed when there is an offer, acceptance of the offer, and consideration. *Pro Greens, Inc. v. Duffy (In re Pro Greens, Inc.)*, 297 B.R. 850, 854 (Bankr. M.D. Fla. 2003). There was no contract based on the December 2012 Letter; there could be no acceptance of the December 2012 Letter because the Debtors never received the December 2012 Letter. Nationstar cannot be forced to honor those terms. A new contract was formed based on the permanent mortgage modification.

No damages or harm have been established based on the non-receipt of the December 2012 Letter. Debtors have not established the December 2012 Letter included "better" terms than the permanent mortgage modification. Even if the December 2012 Letter was a "better deal," Debtors accepted the terms under the permanent mortgage modification. No legal basis was cited for the Court to compel Nationstar to pay the Debtors' attorneys' fees.

The Court sympathizes with the Debtors, understands the Debtors' concerns with multiple offers with different terms, and realizes the lack of communication explaining the calculation of the different terms is frustrating, but the Debtors cannot prevail under the facts of this case.

A separate judgment for Nationstar will be entered contemporaneously.

### 

Attorney, Steven Powrozek, is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.